Kirkpatrick O. J.
This is a certiorari, allowed at bar, on the motion of counsel, in behalf of Isaac Jones, William Jones, and others, who allege themselves to be aggrieved, and who are endorsed as prosecutors. It is directed *966 to Stephen Kirby, esq., one of the justices of the peace of county of Gloucester, commanding him to send up a certain list of delinquents, fined for neglect of military duty, returned to him by a certain battalion paymaster, therein mentioned, and also his warrant of distress, thereupon issued.
To this certiorari, the Justice returns a certain warrant of distress, and certifies that he put his name to the said warrant, without seeing, or having delivered to him, any list of delinquents, by the said battalion paymaster, or any other officer; and that, therefore, no such list remains with him, nor any record thereof, nor other proceeding, from which he can make a more full return.
It is now moved to quash this certiorari. 1. Because it is wrongly entitled; the prosecutors cannot make use of the name of the State to aid them.; the public interest is the other way; nor can they make the Justice a party defendant; he acted as a judge only, and is no way concerned in interest or office. 2. Because these fines are several, and not joint, and therefore a certiorari cannot be taken out upon the joint application of many, nor can a general judgment, either of affirmance or reversal, be rendered upon it; each must sue for himself. 3. Because the return is wholly insufficient.
' I am inclined to think the mover is right, in his law, in every one of these positions; and yet I am not satisfied that the writ ought to be quashed.
As to the first reason. I am induced to believe there has been some want of uniformity, and perhaps some want of caution too, in the entitling, and the entering of certioraris, rules, and other proceedings, had upon applications to the superintending power of this court. The name of the State certainly cannot be used at pleasure. It' can be made plaintiff only, where the public interest, the public peace, or the public order and economy, are con- „ cerned; and it can be made defendant in no case whatsoever. Whenever the State, therefore, comes into the courts of justice, *it comes in for the maintenance and preservation of these concerns, and not otherwise. And as the State cannot be made plaintiff, except in these cases, so neither can the judicatory, whose judgment is questioned, *967 be made defendant, merely because it may have erred in judgment. I do not now speak of cases of Quo Warranto, or Prohibition; they depend upon other principles, and are founded upon the supposition of some refusal of justice, usurpation of office or franchise, or unlawful assumption of power and jurisdiction, all implying some degree of criminality in the judicatory, as well as wrong to the citizen.
It has been suggested, in the argument, that in the review of those special jurisdictions, the State, always guardful of the rights of the individual, and jealous of every deviation from the course of the common law, steps into the aid of the citizen, and lends him its name, in the defence of his rights. But I do not perceive that this is the case in England, nor do I think, whatever entries may appear in the minutes to the contrary, it has ever been approved here. In all these cases, where the public is concerned, if a party comes in to seek relief, by certiorari, or otherwise, the State is made the plaintiff, and he against whom the judgment or proceeding is, and who seeks relief, is made the defendant.
This, indeed, necessarily follows, from the principle, that the State cannot be sued or prosecuted, or brought in to defend itself, in a court of justice, by a private citizen.
The proceedings, of which we have been speaking, arise upon municipal regulations, made for the public benefit, the public convenience, or the public safety. In the execution of these regulations, the State is always the actor, carrying them into effect, either in its ordinary courts of justice, or by special commissioners or agents, appointed for that purpose. If these courts, or these commissioners or agents, in any way injure, aggrieve, or vex, the citizen, he applies to this court, where the State is considered as always present, always ready to hear, always ready to render justice. But still, upon such application for redress, the condition of the parties, if parties they may be called, is not changed. The State is still considered as the actor, resting, as it were, for a moment, to hear the complaint of the citizen, but never as the defendant, to answer for injury or wrong, for it never can submit to be called in question upon that score. It is true, *that in *968 writs of error and other ■ proceedings, by way of appeal, -between private persons, the character of the parties is changed; he that brings the writ of error, or takes the appeal, becomes the actor or plaintiff, and he against whom it is taken, the defendant; but it is not so with respect to the State. It never can be made a defendant, to answer for supposed wrongs, for the State does no wrong. The State, therefore, in these cases, is always the plaintiff, .and he who seeks the relief, is always the defendant.
This is the rule laid down, with respect to settlement cases in England. Bur. 52. It is the course on allcertioraris and motions, to quash orders and judgments, made in a summary way, by justices and others. Bur. 245, 251, 385. It would be endless to cite cases. It is the course upon all summary convictions and informations, orders to appoint constables, to take materials to repair highways, to assess poor rates, or to make any other impositions or restraints, whatsoever.
Then, to apply this to the present case.- The party suing out this writ, had been charged with neglect of duty; he had been warned to appear before the proper tribunals, to make his' defence against the penalty; he had failed in that defence; he had been fined and a distress warrant had issued against him; in all this the State was the prosecutor, for there was no private interest. Can he, then, at this stage of the business, turn round, and himself assume the name of the State, to reverse the whole proceeding ? The State, it is true, must stand as the plaintiff ; it is prosecuting for its right; it is suing for its fine; but it is not to stand as plaintiff to shelter the party against whom it is prosecuting, against whom the judgment is; he must be the defendant himself; he is the real defendant, the man against whom the claim is, and who is defending himself against' it. The Justice is the mere judicial officer, he has nothing to defend, he never can be made a party.
In mere matter of form, therefore, the party moving to quash this certiorari, may be. right; but still, as the writ itself is for a proper object, directed to the propeí officers, and advisedly and regularly issued; and as this entitling is but a mere mistake in the endorsement, and *969 not of the essence of the thing at all; and especially as there seems to have been no settled practice upon this - subject, I cannot think it ought to be quashed for that cause.
Then, as to the second reason. Though the fines be several *and the judgments here must be several, yet, as from the nature of the thing, there can be but one act of the Justice, one record, one distress warrant, and when that is removed, the whole is removed; and as each of the persons contained in it, may come in and assign errors for himself, there can be no reason to quash the writ, merely because it has been issued upon the application of more than one. To make the most of it, they have only rendered themselves liable for costs.
And as to the third reason, whatever advantage it may afford in another way, it certainly cannot be a ground to quash the writ.
In my opinion, therefore, let the party take nothing by his present motion.
Rossell J.
In this case, the defendant should take nothing by his motion. The State, I conceive, is always interested that its laws should be properly executed, by the officers appointed under its authority. When these officially violate or disregard the law, the State has called them, and will continue to call them, to give an account of their, proceedings, in all acts like the present, of a public nature. The magistrate was the proper person, and the only one, to whom the certiorari could be directed. The objection to the number of persons, contained in the execution complained of, as the judgment must be joint, is equally without foundation. Although a joint execution, the judgment may be joint or several, as warranted by the proof.
Southaud J.
At February term, 1818, upon application, in open court, a writ of certiorari was allowed, directed to Stephen Kirby, one of the justices of the peace of the county of Gloucester, directing him to send up a certain tax warrant and return list of delinquents, delivered by the paymaster, therein named, if any such there was, on *970 which such warrant was issued ; which warrant had been by him, to recover militia fines from the persons named in the list, who were alleged to have been delinquents. The return of the writ is in these words: “ In obedience to the writ of the. State, to me directed, I do herewith send the tax warrant, by me issued, as within I am commanded; and I do further certify, that I put my name to the said tax warrant, without seeing or having delivered to me, any return list of delinquents; nor do any such list remain with me, nor have I any record or proceeding, whereby I can make any more full return.”
The return list of delinquents, amounting to about 220, is upon the same paper with the warrant; and among these delinquents is the name of the Justice, himself.
Upon these facts, a motion is made to quash the writ, for three reasons, which I will mention in their order.
1. The name of the State and the Justice are improperly used, and it is incorrectly entitled against the Justice; it ought to be against the individuals.
I understand that all the proceedings, the entries in the records of the court, and the direction of the writ, is the State y. Kirby. If this, therefore, be wrong, it is not to be altered or amended, as I should be disposed to order done, if it were only the endorsement on the writ. The body of the writ appears to be formal, but the whole proceedings being in the name of those parties, there • can be no amendment, and it is necessary to inquire, whether, in this respect, they are wrong, and if wrong, fatally so.
When individuals fail to perform the duties prescribed by our militia laws, they commit an offence against the public, against the State. It is a violation of a public law, and therefore the public is injured by it. The State, therefore, and not an individual, becomes the prosecutor, for the purposes of punishment, in the same way as it does for more aggravated offences. To inflict this punishment, the law has pointed out certain officers, some of whom determine the amount of the penalty, and others perform the' necessary steps for its recovery. Among these, is the justice of the peace. He performs a part of the judicial functions, in relation to this matter, a part *971 having been previously performed by the board of officers. He is directed, in certain cases, of which he has to to issue a warrant for the collection of the tines. These fines are imposed for the violation of a law of the State ; they are in favour of the State, and to be collected for its use, and through its agency.
From these remarks, it will be perceived, that I consider the Justice as a judicial officer, in the act which he performs, and the State, as prosecutor or plaintiff, in enforcing these penalties.
If an individual considers himself injured by illegal proceedings, and seeks the process of this court for relief, he does not, in doing so, change the parties in the prosecution. He is still one, the State is still the other.
But the State never becomes defendant, in prosecutions of this nature; and, therefore, according to my apprehension, the true mode of entitling the writ, is, A. B. adsm. The State. The court itself never becomes defendant, or is called in this way, to answer for an error in judgment.
I therefore think, that, upon this point, the writ is erroneous. It has a wrong defendant. The real actor, the person who complains of injury, is unknown to it.
The case of the State v. Orphans’ Co art of Burlington county, was mentioned at the bar, as proving, that the writ might be against the court; but that case is well remembered, although a circumstance which perhaps ought to have been mentioned, is omitted in the report. When the writ was moved before the court, the Chief Justice remarked its irregularity, but the parties stated, that their only object was to bring up the division of the estate, and that all exceptions, in matters of regularity and form, would be waived. The writ, therefore, went in that shape.
2. Many cases are united in the same writ. This, I believe, must be considered as the fact, and one of the worst features of it, is, that we do not know how many. It is “ William Jones, Isaac Jones, and others.” Now, this warrant is to be considered as several, as well as joint. Every indi vid ual stands upon his own footing; his rights rest upon the facts in his own case. If, then, the idea before urged, that these delinquents are parties tothe.writ, and to this. *972 action be true, they are parties severally. Their writs to be separate. The certiorari ought to have brought up the single case of the applicant. If, in doing this, it was necessary to bring up the warrant and list together, still this does not vary the matter. The warrant is not to be altogether destroyed, because of irregularity or •illegality as to one person. If, in assessing taxes, one person is illegally treated, he brings up his case alone, and does not bring up and destroy the whole assessment.
3. Irregularly and improperly returned, because the Justice has returned the warrant, which, by his own statement, had been before issued by him, and was not then in his hands, being in the possession of the constable. The amount of this objection, *if I comprehend it, is, that the writ ought to have been directed to the constable. If the Justice, in his return, has done more than he had . legally the power to do, the only consequence that I perceive is, to disregard the return, so far as it contains too much ; but, I do not perceive, that it destroys the writ; that stands, though the return be erroneous. .The effect, in this case, would probably be, if the return was so far rejected, that we should, upon this return alone, be unable, on the hearing on the merits, to adjudge on the rights of the parties. But is it true, that the Justice ought not to have had this warrant in his hands, at the time he received the certiorari? I think not. The warrant is dated 13th January 1818. The command to the constable is, to make return of it within thirty days. The certiorari was applied for, the last of February, much more than thirty days after its date. The rqturn of the Justice, ■ is not dated, but is made to May term; and it is therefore manifest, that he either had, or ought to have had, the warrant in his possession, when the certiorari was served upon him and the return made. So far, then, as relates to the warrant, I think the return not irregular. So far as relates to the list of delinquents, the Justice never had it, and, therefore, his return, as to that, is right. What advantage the party may derive from the fact, upon the principal argument, is yet to be seen. It can be of no avail, on the motion, to quash this writ for irregularity.
My opinion, then, is, that there is nothing in the third *973 point; but that the delinquents are improperly united ; and that the writ and all the proceedings are in the name of improper parties, and, ought to be quashed.
Motion overruled.